| | |
|---|---|
| **Part I** | ADMINISTRATION OF THE GOVERNMENT |
| **Title XX** | PUBLIC SAFETY AND GOOD ORDER |
| **Chapter 140** | LICENSES |
| **Section 131** | LICENSES TO CARRY FIREARMS; CONDITIONS AND RESTRICTIONS |

Section 131. The issuance and possession of a license to carry firearms shall be subject to the following conditions and restrictions:

*[ Paragraph (a) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

(a) A license shall entitle a holder thereof of a license to purchase, rent, lease, borrow, possess and carry: (i) firearms, including large capacity firearms, and feeding devices and ammunition therefor, for all lawful purposes, subject to such restrictions relative to the possession, use or carrying of firearms as the licensing authority considers proper; and (ii) rifles and shotguns, including large capacity weapons, and feeding devices and ammunition therefor, for all lawful purposes; provided, however, that the licensing authority may impose such restrictions relative to the possession, use or carrying of large capacity rifles and shotguns as it considers proper. A violation of a restriction imposed by the licensing authority under this paragraph shall be cause for suspension or revocation and shall, unless otherwise provided, be punished by a fine of not less than $1,000 nor more than $10,000; provided, however, that section 10 of chapter 269 shall not apply to a violation of this paragraph.

*[ Paragraph (a) as amended by 2022, 175, Secs. 4 and 5 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

(a) A license shall entitle a holder thereof of a license to purchase, rent, lease, borrow, possess and carry: (i) firearms, including large capacity firearms, and feeding devices and ammunition therefor, for all lawful purposes; and (ii) rifles and shotguns, including large capacity weapons, and feeding devices and ammunition therefor, for all lawful purposes.

(b) The colonel of state police may, after an investigation, grant a license to a club or facility with an on-site shooting range or gallery, which club is incorporated under the laws of the commonwealth for the possession, storage and use of large capacity weapons, ammunition therefor and large capacity feeding devices for use with such weapons on the premises of the club; provided, however, that not less than 1 shareholder of the club shall be qualified and suitable to be issued a license; and provided further, that such large capacity weapons and ammunition feeding devices may be used under the club license only by a member that possesses a valid firearm identification card issued pursuant to section 129B or a valid license to carry firearms, or by such other person that the club permits while under the direct supervision of a certified firearms safety instructor or club member who, in the case of a large capacity firearm, possesses a valid license to carry firearms or, in the case of a large capacity rifle or shotgun, possesses a valid license to carry firearms. The club shall not permit shooting at targets that depict human figures, human effigies, human silhouettes or any human images thereof, except by public safety personnel performing in line with their official duties.

*[ Second paragraph of paragraph (b) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

No large capacity weapon or large capacity feeding device shall be removed from the premises except to: (i) transfer the firearm or feeding device to a licensed dealer; (ii) transport the firearm or feeding device to a licensed gunsmith for repair; (iii) target, trap or skeet shoot on the premises of another club incorporated under the laws of the commonwealth and to transport thereto; (iv)

attend an exhibition or educational project or event that is sponsored by, conducted under the supervision of or approved by a public law enforcement agency or a nationally or state recognized entity that promotes proficiency in or education about semiautomatic weapons and to transport thereto and therefrom; (v) hunt pursuant to chapter 131; or (vi) surrender the firearm or feeding device pursuant to section 129D. Any large capacity weapon or large capacity feeding device kept on the premises of a lawfully incorporated shooting club shall, when not in use, be secured in a locked container and shall be unloaded during any lawful transport. The clerk or other corporate officer of the club shall annually file a report with the colonel of state police and the commissioner of criminal justice information services listing all large capacity weapons and large capacity feeding devices owned or possessed under the license. The colonel or a designee may inspect all firearms owned or possessed by the club upon request during regular business hours and the colonel may revoke or suspend a club license for a violation of this chapter or chapter 269 relative to the ownership, use or possession of large capacity weapons or large capacity feeding devices.

*[ Second paragraph of paragraph (b) as amended by 2022, 175, Sec. 6 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

No large capacity weapon or large capacity feeding device shall be removed from the premises except to: (i) transfer the firearm or feeding device to a licensed dealer; (ii) transport the firearm or feeding device to a licensed gunsmith for repair; (iii) target, trap or skeet shoot on the premises of another club incorporated under the laws of the commonwealth and to transport thereto; (iv) attend an exhibition or educational project or event that is sponsored by, conducted under the supervision of or approved by a public law enforcement agency or a nationally or state recognized entity that promotes proficiency in or education about semiautomatic weapons and to transport thereto and therefrom; (v) hunt pursuant to chapter 131; or (vi) surrender the firearm or feeding device pursuant to section 129D. Any large capacity weapon or large capacity feeding device kept on the premises of a lawfully incorporated shooting club shall, when

not in use, be secured in a locked container and shall be unloaded during any lawful transport. The clerk or other corporate officer of the club shall annually file a report with the colonel of state police and the commissioner of the department of criminal justice information services listing all large capacity weapons and large capacity feeding devices owned or possessed under the license. The colonel or a designee may inspect all firearms owned or possessed by the club upon request during regular business hours and the colonel may revoke or suspend a club license for a violation of this chapter or chapter 269 relative to the ownership, use or possession of large capacity weapons or large capacity feeding devices.

(c) A license to carry firearms shall be valid to own, possess, purchase and transfer non-large capacity rifles and shotguns, consistent with the entitlements conferred by a firearm identification card issued under section 129B.

*[ First paragraph of paragraph (d) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

(d) A person residing or having a place of business within the jurisdiction of the licensing authority or any law enforcement officer employed by the licensing authority or any person residing in an area of exclusive federal jurisdiction located within a city or town may submit to the licensing authority or the colonel of state police an application for a license to carry firearms, or renewal of the same, which the licensing authority or the colonel may issue if it appears that the applicant is not a prohibited person as set forth in this section to be issued a license and that the applicant has good reason to fear injury to the applicant or the applicant's property or for any other reason, including the carrying of firearms for use in sport or target practice only, subject to the restrictions expressed or authorized under this section.

*[ First paragraph of paragraph (d) as amended by 2022, 175, Sec. 7 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

(d) A person residing or having a place of business within the jurisdiction of the licensing authority or any law enforcement officer employed by the licensing authority or any person residing in an area of exclusive federal jurisdiction located within a city or town may submit to the licensing authority or the colonel of state police an application for a license to carry firearms, or renewal of the same, which the licensing authority or the colonel shall issue if it appears that the applicant is neither a prohibited person nor determined to be unsuitable to be issued a license as set forth in this section, provided that upon an initial application for a license to carry firearms, the licensing authority shall conduct a personal interview with the applicant.

A prohibited person shall be a person who:

(i) has, in a court of the commonwealth, been convicted or adjudicated a youthful offender or delinquent child, both as defined in section 52 of chapter 119, for the commission of (A) a felony; (B) a misdemeanor punishable by imprisonment for more than 2 years; (C) a violent crime as defined in section 121; (D) a violation of any law regulating the use, possession, ownership, transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed; (E) a violation of any law regulating the use, possession or sale of a controlled substance as defined in section 1 of chapter 94C including, but not limited to, a violation of said chapter 94C; or (F) a misdemeanor crime of domestic violence as defined in 18 U.S.C. 921(a)(33);

(ii) has, in any other state or federal jurisdiction, been convicted or adjudicated a youthful offender or delinquent child for the commission of (A) a felony; (B) a misdemeanor punishable by imprisonment for more than 2 years; (C) a violent crime as defined in section 121; (D) a violation of any law regulating the use, possession, ownership, transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed; (E) a violation of any law regulating the use, possession or sale of a

controlled substance as defined in said section 1 of said chapter 94C including, but not limited to, a violation of said chapter 94C; or (F) a misdemeanor crime of domestic violence as defined in 18 U.S.C. 921(a)(33);

   (iii) is or has been (A) committed to a hospital or institution for mental illness, alcohol or substance abuse, except a commitment pursuant to sections 35 or 36C of chapter 123, unless after 5 years from the date of the confinement, the applicant submits with the application an affidavit of a licensed physician or clinical psychologist attesting that such physician or psychologist is familiar with the applicant's mental illness, alcohol or substance abuse and that in the physician's or psychologist's opinion, the applicant is not disabled by a mental illness, alcohol or substance abuse in a manner that shall prevent the applicant from possessing a firearm, rifle or shotgun; (B) committed by a court order to a hospital or institution for mental illness, unless the applicant was granted a petition for relief of the court order pursuant to said section 36C of said chapter 123 and submits a copy of the court order with the application; (C) subject to an order of the probate court appointing a guardian or conservator for a incapacitated person on the grounds that the applicant lacks the mental capacity to contract or manage the applicant's affairs, unless the applicant was granted a petition for relief of the order of the probate court pursuant to section 56C of chapter 215 and submits a copy of the order of the probate court with the application; or (D) found to be a person with an alcohol use disorder or substance use disorder or both and committed pursuant to said section 35 of said chapter 123, unless the applicant was granted a petition for relief of the court order pursuant to said section 35 and submits a copy of the court order with the application;

   (iv) is younger than 21 years of age at the time of the application;

   (v) is an alien who does not maintain lawful permanent residency;

*[ Clause (vi) of second paragraph of paragraph (d) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

(vi) is currently subject to: (A) an order for suspension or surrender issued pursuant to sections 3B or 3C of chapter 209A or a similar order issued by another jurisdiction; (B) a permanent or temporary protection order issued pursuant to said chapter 209A or a similar order issued by another jurisdiction, including any order described in 18 U.S.C. 922(g)(8); or (C) an extreme risk protection order issued pursuant to sections 131R to 131X, inclusive, or a similar order issued by another jurisdiction;

*[ Clause (vi) of second paragraph of paragraph (d) as amended by 2022, 175, Sec. 8 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

(vi) is currently subject to: (A) an order for suspension or surrender issued pursuant to sections 3B or 3C of chapter 209A or a similar order issued by another jurisdiction; (B) a permanent or temporary protection order issued pursuant to said chapter 209A or a similar order issued by another jurisdiction, including any order described in 18 U.S.C. 922(g)(8); (C) a permanent or temporary harassment prevention order issued pursuant to chapter 258E or a similar order issued by another jurisdiction; or (D) an extreme risk protection order issued pursuant to sections 131R to 131X, inclusive, or a similar order issued by another jurisdiction;

(vii) is currently the subject of an outstanding arrest warrant in any state or federal jurisdiction;

(viii) has been discharged from the armed forces of the United States under dishonorable conditions;

(ix) is a fugitive from justice; or

(x) having been a citizen of the United States, has renounced that citizenship.

*[ Third paragraph of paragraph (d) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

The licensing authority may deny the application or renewal of a license to carry, or suspend or revoke a license issued under this section if, in a reasonable exercise of discretion, the licensing authority determines that the applicant or licensee is unsuitable to be issued or to continue to hold a license to carry. A determination of unsuitability shall be based on: (i) reliable and credible information that the applicant or licensee has exhibited or engaged in behavior that suggests that, if issued a license, the applicant or licensee may create a risk to public safety; or (ii) existing factors that suggest that, if issued a license, the applicant or licensee may create a risk to public safety. Upon denial of an application or renewal of a license based on a determination of unsuitability, the licensing authority shall notify the applicant in writing setting forth the specific reasons for the determination in accordance with paragraph (e). Upon revoking or suspending a license based on a determination of unsuitability, the licensing authority shall notify the holder of a license in writing setting forth the specific reasons for the determination in accordance with paragraph (f). The determination of unsuitability shall be subject to judicial review under said paragraph (f).

*[ Third paragraph of paragraph (d) as amended by 2022, 175, Secs. 9 to 11 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

The licensing authority shall deny the application or renewal of a license to carry, or suspend or revoke a license issued under this section if the applicant or licensee is unsuitable to be issued or to continue to hold a license to carry. A determination of unsuitability shall be based on reliable, articulable and credible information that the applicant or licensee has exhibited or engaged in behavior that suggests that, if issued a license, the applicant or licensee may create a risk to public safety or a risk of danger to self or others. Upon denial of an application or renewal of a license based on a determination of unsuitability, the licensing authority shall notify the applicant in writing setting forth the specific reasons for the determination in accordance with paragraph (e). Upon revoking or suspending a license based on a determination of unsuitability, the licensing

authority shall notify the holder of a license in writing setting forth the specific reasons for the determination in accordance with paragraph (f). The determination of unsuitability shall be subject to judicial review under said paragraph (f).

(e) Within seven days of the receipt of a completed application for a license to carry or possess firearms, or renewal of same, the licensing authority shall forward one copy of the application and one copy of the applicant's fingerprints to the colonel of state police, who shall within 30 days advise the licensing authority, in writing, of any disqualifying criminal record of the applicant arising from within or without the commonwealth and whether there is reason to believe that the applicant is disqualified for any of the foregoing reasons from possessing a license to carry or possess firearms. In searching for any disqualifying history of the applicant, the colonel shall utilize, or cause to be utilized, files maintained by the department of probation and statewide and nationwide criminal justice, warrant and protection order information systems and files including, but not limited to, the National Instant Criminal Background Check System. The colonel shall inquire of the commissioner of the department of mental health relative to whether the applicant is disqualified from being so licensed. If the information available to the colonel does not indicate that the possession of a firearm or large capacity firearm by the applicant would be in violation of state or federal law, he shall certify such fact, in writing, to the licensing authority within said 30 day period.

The licensing authority may also make inquiries concerning the applicant to: (i) the commissioner of the department of criminal justice information services relative to any disqualifying condition and records of purchases, sales, rentals, leases and transfers of weapons or ammunition concerning the applicant; (ii) the commissioner of probation relative to any record contained within the department of probation or the statewide domestic violence record keeping system concerning the applicant; and (iii) the commissioner of the department of mental health relative to whether the applicant is a suitable person to possess firearms or

is not a suitable person to possess firearms. The director or commissioner to whom the licensing authority makes such inquiry shall provide prompt and full cooperation for that purpose in any investigation of the applicant.

The licensing authority shall, within 40 days from the date of application, either approve the application and issue the license or deny the application and notify the applicant of the reason for such denial in writing; provided, however, that no such license shall be issued unless the colonel has certified, in writing, that the information available to him does not indicate that the possession of a firearm or large capacity firearm by the applicant would be in violation of state or federal law.

The licensing authority shall provide to the applicant a receipt indicating that it received the application. The receipt shall be provided to the applicant within 7 days by mail if the application was received by mail or immediately if the application was made in person; provided, however, that the receipt shall include the applicant's name and address; current license number and license expiration date, if any; the date the licensing authority received the application; the name, address and telephone number of the licensing authority; the agent of the licensing authority that received the application; the type of application; and whether the application is for a new license or a renewal of an existing license. The licensing authority shall keep a copy of the receipt for not less than 1 year and shall furnish a copy to the applicant if requested by the applicant.

*[ First paragraph of paragraph (f) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

(f) A license issued under this section shall be revoked or suspended by the licensing authority, or his designee, upon the occurrence of any event that would have disqualified the holder from being issued such license or from having such license renewed. A license may be revoked or suspended by the licensing authority if it appears that the holder is no longer a suitable person to possess such license. Any revocation or suspension of a license shall be in writing and

shall state the reasons therefor. Upon revocation or suspension, the licensing authority shall take possession of such license and the person whose license is so revoked or suspended shall take all actions required under the provisions of section 129D. No appeal or post-judgment motion shall operate to stay such revocation or suspension. Notices of revocation and suspension shall be forwarded to the commissioner of the department of criminal justice information services and the commissioner of probation and shall be included in the criminal justice information system. A revoked or suspended license may be reinstated only upon the termination of all disqualifying conditions, if any.

*[ First paragraph of paragraph (f) as amended by 2022, 175, Sec. 12 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

(f) A license issued under this section shall be revoked or suspended by the licensing authority, or his designee, upon the occurrence of any event that would have disqualified the holder from being issued such license or from having such license renewed. A license shall be revoked or suspended by the licensing authority if it appears that the holder is no longer a suitable person to possess such license. Any revocation or suspension of a license shall be in writing and shall state the reasons therefor. Upon revocation or suspension, the licensing authority shall take possession of such license and the person whose license is so revoked or suspended shall take all actions required under the provisions of section 129D. No appeal or post-judgment motion shall operate to stay such revocation or suspension. Notices of revocation and suspension shall be forwarded to the commissioner of the department of criminal justice information services and the commissioner of probation and shall be included in the criminal justice information system. A revoked or suspended license may be reinstated only upon the termination of all disqualifying conditions, if any.

*[ Second paragraph of paragraph (f) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

Any applicant or holder aggrieved by a denial, revocation, suspension or restriction placed on a license, unless a hearing has previously been held pursuant to chapter 209A, may, within either 90 days after receiving notice of the denial, revocation or suspension or within 90 days after the expiration of the time limit during which the licensing authority shall respond to the applicant or, in the case of a restriction, any time after a restriction is placed on the license pursuant to this section, file a petition to obtain judicial review in the district court having jurisdiction in the city or town in which the applicant filed the application or in which the license was issued. If after a hearing a justice of the court finds that there was no reasonable ground for denying, suspending, revoking or restricting the license and that the petitioner is not prohibited by law from possessing a license, the justice may order a license to be issued or reinstated to the petitioner or may order the licensing authority to remove certain restrictions placed on the license.

*[ Second paragraph of paragraph (f) as amended by 2022, 175, Secs. 13 to 16 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

Any applicant or holder aggrieved by a denial, revocation or suspension of a license, unless a hearing has previously been held pursuant to chapter 209A, may, within either 90 days after receiving notice of the denial, revocation or suspension or within 90 days after the expiration of the time limit during which the licensing authority shall respond to the applicant, file a petition to obtain judicial review in the district court having jurisdiction in the city or town in which the applicant filed the application or in which the license was issued. If after a hearing a justice of the court finds that there was no reasonable ground for denying, suspending or revoking the license and that the petitioner is not prohibited by law from possessing a license, the justice may order a license to be issued or reinstated to the petitioner.

*[ Paragraph (g) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

(g) A license shall be in a standard form provided by the commissioner of criminal justice information services in a size and shape equivalent to that of a license to operate motor vehicles issued by the registry of motor vehicles pursuant to section 8 of chapter 90 and shall contain a license number which shall clearly indicate the name, address, photograph, fingerprint, place and date of birth, height, weight, hair color, eye color and signature of the licensee. The license shall be clearly marked "License to Carry Firearms". The license shall provide in a legible font size and style the phone numbers for the National Suicide Prevention Lifeline and the Samaritans Statewide Helpline. The application for such license shall be made in a standard form provided by the executive director of the criminal history systems board, which form shall require the applicant to affirmatively state under the pains and penalties of perjury that such applicant is not disqualified on any of the grounds enumerated above from being issued such license.

*[ Paragraph (g) as amended by 2022, 175, Secs. 6 and 17 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

(g) A license shall be in a standard form provided by the commissioner of the department of criminal justice information services in a size and shape equivalent to that of a license to operate motor vehicles issued by the registry of motor vehicles pursuant to section 8 of chapter 90 and shall contain a license number which shall clearly indicate the name, address, photograph, fingerprint, place and date of birth, height, weight, hair color, eye color and signature of the licensee. The license shall be clearly marked "License to Carry Firearms". The license shall provide in a legible font size and style the phone numbers for the National Suicide Prevention Lifeline and the Samaritans Statewide Helpline. The application for such license shall be made in a standard form provided by the commissioner of the department of criminal justice information services, which form shall require the applicant to affirmatively state under the pains and penalties of perjury that such applicant is not disqualified on any of the grounds enumerated above from being issued such license.

(h) Any person who knowingly files an application containing false information shall be punished by a fine of not less than $500 nor more than $1,000 or by imprisonment for not less than six months nor more than two years in a house of correction, or by both such fine and imprisonment.

(i) A license to carry or possess firearms shall be valid, unless revoked or suspended, for a period of not more than 6 years from the date of issue and shall expire on the anniversary of the licensee's date of birth occurring not less than 5 years nor more than 6 years from the date of issue; provided, however, that, if the licensee applied for renewal before the license expired, the license shall remain valid after its expiration date for all lawful purposes until the application for renewal is approved or denied. If a licensee is on active duty with the armed forces of the United States on the expiration date of the license, the license shall remain valid until the licensee is released from active duty and for a period not less than 180 days following the release; provided, however, that, if the licensee applied for renewal prior to the end of that period, the license shall remain valid after its expiration date for all lawful purposes until the application for renewal is approved or denied. Any renewal thereof shall expire on the anniversary of the licensee's date of birth occurring not less than 5 years but not more than 6 years from the effective date of such license. Any license issued to an applicant born on February 29 shall expire on March 1. The fee for the application shall be $100, which shall be payable to the licensing authority and shall not be prorated or refunded in case of revocation or denial. The licensing authority shall retain $25 of the fee; $50 of the fee shall be deposited into the general fund of the commonwealth and not less than $50,000 of the funds deposited into the General Fund shall be allocated to the Firearm Licensing Review Board, established in section 130B, for its operations and that any funds not expended by said board for its operations shall revert back to the General Fund; and $25 of the fee shall be deposited in the Firearms Fingerprint Identity Verification Trust Fund. For active and retired law enforcement officials, or local, state, or federal government entities acting on their behalf, the fee for the application shall be set at $25,

which shall be payable to the licensing authority and shall not be prorated or refunded in case of revocation or denial. The licensing authority shall retain $12.50 of the fee, and $12.50 of the fee shall be deposited into the general fund of the commonwealth. Notwithstanding any general or special law to the contrary, licensing authorities shall deposit such portion of the license application fee into the Firearms Record Keeping Fund quarterly, not later than January 1, April 1, July 1 and October 1 of each year. Notwithstanding any general or special law to the contrary, licensing authorities shall deposit quarterly such portion of the license application fee as is to be deposited into the General Fund, not later than January 1, April 1, July 1 and October 1 of each year. For the purposes of section 10 of chapter 269, an expired license to carry firearms shall be deemed to be valid for a period not to exceed 90 days beyond the stated date of expiration, unless such license to carry firearms has been revoked.

*[ Second paragraph of paragraph (i) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

Any person over the age of 70 and any law enforcement officer applying for a license to carry firearms through his employing agency shall be exempt from the requirement of paying a renewal fee for a Class A or Class B license to carry.

*[ Second paragraph of paragraph (i) as amended by 2022, 175, Sec. 17A effective August 10, 2022. For text effective until August 10, 2022, see above.]*

Any person over the age of 70 and any law enforcement officer applying for a license to carry firearms through his employing agency shall be exempt from the requirement of paying a renewal fee for a license to carry.

(j)(1) No license shall be required for the carrying or possession of a firearm known as a detonator and commonly used on vehicles as a signaling and marking device, when carried or possessed for such signaling or marking purposes.

(2) No license to carry shall be required for the possession of an unloaded large capacity rifle or shotgun or an unloaded feeding device therefor by a veteran's organization chartered by the Congress of the United States, chartered by the

commonwealth or recognized as a nonprofit tax-exempt organization by the Internal Revenue Service, or by the members of any such organization when on official parade duty or during ceremonial occasions. For purposes of this subparagraph, an "unloaded large capacity rifle or shotgun" and an "unloaded feeding device therefor" shall include any large capacity rifle, shotgun or feeding device therefor loaded with a blank cartridge or blank cartridges, so-called, which contain no projectile within such blank or blanks or within the bore or chamber of such large capacity rifle or shotgun.

(k) Whoever knowingly issues a license in violation of this section shall be punished by a fine of not less than $500 nor more than $1,000 or by imprisonment for not less than six months nor more than two years in a jail or house of correction, or by both such fine and imprisonment.

*[ Paragraph (l) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

(*l*) The executive director of the criminal history systems board shall send electronically or by first class mail to the holder of each such license to carry firearms, a notice of the expiration of such license not less than 90 days prior to such expiration and shall enclose therein a form for the renewal of such license. The form for renewal shall include an affidavit in which the applicant shall verify that the applicant has not lost any firearms or had any firearms stolen from the applicant since the date of the applicant's last renewal or issuance. The taking of fingerprints shall not be required in issuing the renewal of a license if the renewal applicant's fingerprints are on file with the department of the state police. Any licensee shall notify, in writing, the licensing authority who issued said license, the chief of police into whose jurisdiction the licensee moves and the executive director of the criminal history systems board of any change of address. Such notification shall be made by certified mail within 30 days of its occurrence. Failure to so notify shall be cause for revocation or suspension of said license. The commissioner of criminal justice information services shall provide

electronic notice of expiration only upon the request of a cardholder. A request for electronic notice of expiration shall be forwarded to the department on a form furnished by the commissioner. Any electronic address maintained by the department for the purpose of providing electronic notice of expiration shall be considered a firearms record and shall not be disclosed except as provided in section 10 of chapter 66.

*[ Paragraph (l) as amended by 2022, 175, Secs. 6 and 17 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

(*l*) The commissioner of the department of criminal justice information services shall send electronically or by first class mail to the holder of each such license to carry firearms, a notice of the expiration of such license not less than 90 days prior to such expiration and shall enclose therein a form for the renewal of such license. The form for renewal shall include an affidavit in which the applicant shall verify that the applicant has not lost any firearms or had any firearms stolen from the applicant since the date of the applicant's last renewal or issuance. The taking of fingerprints shall not be required in issuing the renewal of a license if the renewal applicant's fingerprints are on file with the department of the state police. Any licensee shall notify, in writing, the licensing authority who issued said license, the chief of police into whose jurisdiction the licensee moves and the commissioner of the department of criminal justice information services of any change of address. Such notification shall be made by certified mail within 30 days of its occurrence. Failure to so notify shall be cause for revocation or suspension of said license. The commissioner of the department of criminal justice information services shall provide electronic notice of expiration only upon the request of a cardholder. A request for electronic notice of expiration shall be forwarded to the department on a form furnished by the commissioner. Any electronic address maintained by the department for the purpose of providing electronic notice of expiration shall be considered a firearms record and shall not be disclosed except as provided in section 10 of chapter 66.

(m) Notwithstanding the provisions of section 10 of chapter 269, any person in possession of a firearm, rifle or shotgun whose license issued under this section is invalid for the sole reason that it has expired, not including licenses that remain valid under paragraph (i) because the licensee applied for renewal before the license expired, but who shall not be disqualified from renewal upon application therefor pursuant to this section, shall be subject to a civil fine of not less than $100 nor more than $5,000 and the provisions of section 10 of chapter 269 shall not apply; provided, however, that the exemption from the provisions of said section 10 of said chapter 269 provided herein shall not apply if: (i) such license has been revoked or suspended, unless such revocation or suspension was caused by failure to give notice of a change of address as required under this section; (ii) revocation or suspension of such license is pending, unless such revocation or suspension was caused by failure to give notice of a change of address as required under this section; or (iii) an application for renewal of such license has been denied. Any law enforcement officer who discovers a person to be in possession of a firearm, rifle or shotgun after such person's license has expired, meaning after 90 days beyond the stated expiration date on the license, has been revoked or suspended, solely for failure to give notice of a change of address, shall confiscate such firearm, rifle or shotgun and the expired or suspended license then in possession and such officer, shall forward such license to the licensing authority by whom it was issued as soon as practicable. The officer shall, at the time of confiscation, provide to the person whose firearm, rifle or shotgun has been confiscated, a written inventory and receipt for all firearms, rifles or shotguns confiscated and the officer and his employer shall exercise due care in the handling, holding and storage of these items. Any confiscated weapon shall be returned to the owner upon the renewal or reinstatement of such expired or suspended license within one year of such confiscation or may be otherwise disposed of in accordance with the provisions of section 129D. The provisions of this paragraph shall not apply if such person has a valid license to carry firearms issued under section 131F.

*[ Paragraph (n) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

(n) Upon issuance of a license to carry or possess firearms under this section, the licensing authority shall forward a copy of such approved application and license to the executive director of the criminal history systems board, who shall inform the licensing authority forthwith of the existence of any disqualifying condition discovered or occurring subsequent to the issuance of a license under this section.

*[ Paragraph (n) as amended by 2022, 175, Sec. 17 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

(n) Upon issuance of a license to carry or possess firearms under this section, the licensing authority shall forward a copy of such approved application and license to the commissioner of the department of criminal justice information services, who shall inform the licensing authority forthwith of the existence of any disqualifying condition discovered or occurring subsequent to the issuance of a license under this section.

(*o*) No person shall be issued a license to carry or possess a machine gun in the commonwealth, except that a licensing authority or the colonel of state police may issue a machine gun license to:

(i) a firearm instructor certified by the municipal police training committee for the sole purpose of firearm instruction to police personnel;

(ii) a bona fide collector of firearms upon application or upon application for renewal of such license.

*[ Second sentence of paragraph (o) applicable as provided by 2017, 110, Sec. 53.]*

Clauses (i) and (ii) of this paragraph shall not apply to bump stocks and trigger cranks.

*[ Paragraph (p) effective until August 10, 2022. For text effective August 10, 2022, see below.]*

(p) The executive director of the criminal history systems board shall promulgate regulations in accordance with chapter 30A to establish criteria for persons who shall be classified as bona fide collectors of firearms.

*[ Paragraph (p) as amended by 2022, 175, Sec. 17 effective August 10, 2022. For text effective until August 10, 2022, see above.]*

(p) The commissioner of the department of criminal justice information services shall promulgate regulations in accordance with chapter 30A to establish criteria for persons who shall be classified as bona fide collectors of firearms.

(q) Nothing in this section shall authorize the purchase, possession or transfer of any weapon, ammunition or feeding device that is, or in such manner that is, prohibited by state or federal law.

(r) The secretary of the executive office of public safety or his designee may promulgate regulations to carry out the purposes of this section.